IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHERRY MARNIECE RIDDICK,** : <br> **Plaintiff,** : <br> : <br> **v.** : <br> : <br> **COMMONWEALTH OF** : <br> **PENNSYLVANIA,** *et al.*, : <br> **Defendants.** : | **CIVIL ACTION NO. 25-CV-4652** |

### ORDER

AND NOW, this 14th day of October, 2025, upon consideration of Plaintiff Cherry Marniece Riddick's *pro se* Complaint (ECF No. 1) and Motion to Proceed *In Forma Pauperis* (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Complaint is **DISMISSED WITHOUT PREJUDICE** for the reasons in the Court's Memorandum.

4. Riddick may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Riddick's claims against each defendant. **The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. The amended complaint may not rely solely on exhibits to state a claim.** When drafting her amended complaint, Riddick should be mindful of the Court's reasons for dismissing the claims in her initial Complaint as explained in the Court's Memorandum.

Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5. The Clerk of Court is **DIRECTED** to send Riddick a blank copy of the Court's form complaint for a non-prisoner filing a civil action bearing the above civil action number. Riddick may use this form to file her amended complaint if she chooses to do so.

6. If Riddick does not wish to amend her Complaint and instead intends to stand on her Complaint as originally pleaded, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

7. If Riddick fails to file any response to this Order, the Court will conclude that Riddick intends to stand on her Complaint and will issue a final order dismissing this case.[1] *See*

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F.

*Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on her complaint may be inferred from inaction after issuance of an order directing her to take action to cure a defective complaint).

8.      The Clerk of Court is **DIRECTED** to mark ECF No. 1 as case-participant-view only. The documents contain sensitive personal information. Riddick is instructed that: "Personal identifiers such as Social Security numbers, dates of birth, financial account numbers, and **names of minor children must be modified or partially redacted** in all documents filed either in paper or electronic form" that are submitted to the Court. E.D. Pa. Local Civ. R. 5.1.3 (emphasis added); see also Fed. R. Civ. P. 5.2(a), (h).

BY THE COURT:

_____
GAIL A. WEILHEIMER, J.

---

App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons his case or otherwise makes adjudication of the matter impossible." (citing cases)).

3